IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **FREDDIE L. WILLIS, JR.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 3:12-CV-138 (CAR)** |
| **GLYNN JOHNSON, Warden,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |


## ORDER ON THE RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation [Doc. 21] of the United States
Magistrate Judge Charles H. Weigle to grant Respondent's Motion to Dismiss [Doc. 12],
to deny Petitioner Freddie L. Willis Jr.'s federal habeas corpus petition pursuant to 28
U.S.C. § 2254 [Doc. 1], and to deny as moot Petitioner's Motion for Leave to Supplement
Record [Doc. 10] and Motion for Habeas Corpus Ad Testificandum [Doc. 11].
Petitioner, proceeding *pro se*, subsequently filed an Objection to the Recommendation
[Doc. 22].  Pursuant to 28 U.S.C. ⸰ 636(b)(1), the Court has thoroughly considered
Petitioner's Objection, has made a *de novo* determination of the portions of the
Recommendation to which Petitioner objects, and finds the Objection to be without
merit.

1

In his Objection, Petitioner does not dispute that his petition is successive, nor does he argue that he has moved for or obtained, from the Eleventh Circuit, an order authorizing this Court to consider his second habeas petition.  Petitioner instead argues that the evidence presented is newly discovered and that such evidence could not have been discovered through due diligence.

First, Section 2244(b)(2) states:

> A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless…(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[1]

Section 2244(b)(3)(A) then qualifies (b)(2) by adding, ""Before a second or successive application permitted by this section is filed in the district court, the applicant <u>shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."[2]  Thus, after the Court of Appeals authorizes the petitioner to file his petition in the district court, the district court may then consider whether the petition is second or successive and, if so, whether it meets an exception to the procedural bar to consideration of the merits as set forth in Section 2244(b)(2).

---

[1] 28 U.S.C. § 2244(b)(2).
[2] 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

Here, Petitioner has not shown that he has obtained prior authorization from the Eleventh Circuit.  Petitioner's arguments that his evidence is newly discovered and could not have been discovered with due diligence are irrelevant.  As explained above, when a petition is second or successive, the petitioner must seek an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider the petition.[3]  Because there is no evidence that Petitioner has done so, the Petition must be dismissed.

Accordingly, the Recommendation [Doc. 21] is **ADOPTED and MADE THE ORDER OF THE COURT**.  Respondent's Motion to Dismiss [Doc. 12] is **GRANTED**, and Petitioner's petition pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED without prejudice**.  Petitioner's Motion for Leave to Supplement Record [Doc. 10] and his Motion for Habeas Corpus Ad Testificandum [Doc. 11] are **DENIED as MOOT**.

**SO ORDERED,** this 17th day of May, 2013.

S/  C. Ashley  Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[3] 28 U.S.C. § 2244(b)(3)(A).